UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONNIE STRANGE** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-2829** |
| **ST. CHARLES PARISH SHERIFF OFFICE, ET AL.** | **SECTION I** |

## ORDER

Considering defendant's motion[1] to dismiss for failure to state a claim upon which relief can be granted,

**IT IS ORDERED** that the motion is **GRANTED** and that plaintiff's claims against defendant, St. Charles Parish Sheriff's Office, are **DISMISSED WITH PREJUDICE**.[2]

New Orleans, Louisiana, February 1, 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[1] R. Doc. No. 4.

[2] Plaintiff's claims against St. Charles Parish Sheriff's Office must be dismissed because sheriff's departments are not entities capable of being sued pursuant to 42 U.S.C. § 1983. Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Wetzel v. St. Tammany Parish Jail, 610 F.Supp.2d 545, 548 (E.D. La. 2009); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F.Supp.2d 898, 904 (E.D. La. 2001). Sheriff's departments are likewise not entities capable of being sued pursuant to Louisiana state law. Porche v. St. Tammany Parish Sheriff's Office, 67 F.Supp.2d 631 (E.D. La. 1999) ("The law of Louisiana affords no legal status to the 'Parish Sheriff's Department' wherein said department can sue or be sued, such status being reserved for the Sheriff, individually.").